**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| COREY FUHRHOP and ANGELA MORRELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JUSTWATCH GMBH,<br><br>Defendant. | Civil Action No. 1:23-cv-12923-GAO |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR ATTORNEYS FEES AND COSTS AND SERVICE AWARDS**

## I. INTRODUCTION

As detailed in the concurrently filed Memorandum in Support of Motion for Final Approval of Class Action Settlement, Plaintiffs Corey Fuhrhop and Angela Morrell ("Plaintiffs" or "Class Representatives") have reached a Settlement with Defendant JustWatch GmbH ("JustWatch" or "Defendant") (collectively with Plaintiff, the "Parties") that provides significant benefits to Settlement Class Members. More specifically, the Settlement requires JustWatch, for a period of two years, to remove the Meta Pixel from the JustWatch Website and ensure that the Facebook SDK operating on the JustWatch mobile application is configured so that it does not transmit information which identifies a person as having requested or obtained specific video materials. The Settlement also requires JustWatch to provide Plaintiffs' counsel with annual declarations, under oath, attesting to compliance with these requirements.[1] The Settlement thereby provides

[1] The Settlement Agreement is attached as Exhibit ("Ex.") A to the Declaration of Eric S. Dwoskin in Support of Plaintiffs' Motion for Preliminary Approval of Rule 23(b)(2) Class Action Settlement that is available on the docket at ECF 87-2.

Settlement Class Members with valuable injunctive relief - indeed, all injunctive relief obtainable under the VPPA for a period of two years.

As compensation for their efforts in successfully litigating this action, and consistent with the cap on Class Counsel's fee and cost request set by the Settlement with JustWatch, Class Counsel respectfully requests attorneys' fees and costs of $700,000 to be paid by JustWatch. The fee request is supported by a lodestar analysis, as Class Counsel and co-counsel have accumulated a combined lodestar of $561,201.50 to date (rendering the requested fee award a modest multiplier of 1.24 on Class Counsel's lodestar to date), with additional work yet to be performed to bring the Settlement through final approval, as well as $3,637.92 in combined out-of-pocket costs. As detailed more fully herein, the requested attorneys' fees and litigation costs are fair and reasonable based on, *inter alia*, the common benefits conferred upon the Class; the skill, time and effort required to obtain such benefits; the complex legal issues and technical matters presented; the contingent nature of the representation; the risks assumed; customary fees and awards in similar actions; and the favorable response from state Attorneys General to whom notice pursuant to the Class Action Fairness Act was served. Class Counsel's fee request is also appropriate pursuant to the fee-shifting provision of the VPPA.

Plaintiffs and Class Counsel also seek a service award for Plaintiffs in the amount of $5,000 each in recognition of their role as the Settlement Class Representatives in prosecuting the litigation on behalf of the Settlement Class. This request is modest, fully justified by the law and the work performed by Plaintiffs in this case, and consistent with service awards approved in similar class action settlements.

Thus, for the reasons stated herein, Class Counsel and Plaintiffs respectfully request that the Court approve the requested attorneys' fees, litigation costs, and service awards.[2]

## II. THE REQUESTED AWARD OF ATTORNEYS' FEES IS REASONABLE AND APPROPRIATE.

It is well-established that counsel in a successful class action lawsuit may petition the court for compensation relating to any benefits to the class that result from the attorneys' efforts. *See, e.g.*, *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980). Rule 23(h) of the Federal Rule of Civil Procedure expressly provides that a "court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In addition, the VPPA expressly provides that this Court may award "reasonable attorneys' fees and other litigation costs reasonably incurred" in bringing a civil action such as this one. 18 U.S.C. § 2710(c)(2)(C).

This is a Rule 23(b)(2) class action settlement with injunctive relief only, where any attorneys' fees and costs awarded by this Court will be paid by JustWatch pursuant to the Settlement. "The attorneys' fees in this case will not be awarded from a common fund created for the class as a whole." *Jermyn v. Best Buy Stores, L.P.*, 2012 WL 2505644, at *9 (S.D.N.Y. June 27, 2012). Thus, regardless of the size of the fee award, it does not reduce or alter the injunctive-relief benefits conferred upon the Class as detailed herein. Moreover, the cap on Class Counsel's fee request was negotiated only after agreement had been reached on the substantive terms of the Settlement benefiting the Class and in arms-length negotiations over a multi-month period. Declaration of Eric S. Dwoskin in Support of Plaintiffs' Motions for Final Approval of Class Action Settlement and for Award of Attorneys' Fee, Litigation Costs, and Service Awards

[2] The procedural background of this case is stated in Plaintiffs' Memorandum in Support of Motion for Final Approval of Class Action Settlement. Plaintiffs incorporate that background by reference.

("Dwoskin Decl.") at ¶¶ 6, 9, 28. "Under these circumstances, the danger of conflicts of interest between attorneys and class members is diminished." *Jermyn*, 2012 WL 2505644, at *9 (quoting *In re Sony SXRD Rear Projection TV Class Action Litig.*, 2008 U.S. Dist. LEXIS 36093, at *43 (S.D.N.Y. May 1, 2008)). And in such cases, "the Court's fiduciary role in overseeing the award is greatly reduced." *McBean v. City of New York*, 233 F.R.D. 377, 392 (S.D.N.Y.2006). Additionally, "[t]he negotiation of fee agreements is generally encouraged." *In re Sony SXRD Rear Projection TV Class Action Litig.*, 2008 WL 1956297, at *15 (S.D.N.Y. May 1, 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorneys' fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee.")).

In the First Circuit, the reasonableness of fees requested under the common benefit doctrine is analyzed using the six factors set out in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 507 (2d Cir. 2000)): "(1) the size of the fund and the number of persons benefitted; (2) the skill, experience, and efficiency of the attorneys involved; (3) the complexity and duration of the litigation; (4) the risks of the litigation; (5) the amount of time devoted to the case by counsel; (6) awards in similar cases; and (7) public policy considerations." *In re Neurontin Mktg. & Sales Practices Litig.*, 58 F. Supp. 3d 167, 170 (D. Mass. 2014) (citing *In re Lupron Mktg. & Sales Practices Litig.*, 2005 WL 2006833, at *3 (D. Mass. Aug. 17, 2005), citing *Goldberger*, 209 F.3d at 50)).

### A. The *Goldberger* Factors Support Class Counsel's Requested Fee Award.

Applying the guideposts referenced above, Class Counsel's fee request is fair and reasonable under a common benefits analysis. *See e.g.*, *Roberts v. TJX Companies, Inc.*, No. 13-cv-13142, 2016 WL 8677312, at *11 (D. Mass. Sept. 30, 2016).

### 1. The Results Achieved Through Settlement and the Number of Class Members Who Will Benefit from the Settlement Support the Requested Fee.

Class Counsel secured an excellent result for the Settlement Class that tracks the injunctive relief that could have been achieved following a successful trial. Specifically, JustWatch agreed, for a period of two years, to remove the Meta Pixel from the JustWatch Website and ensure that the Facebook SDK operating on the JustWatch mobile application is configured so that it does not transmit information which identifies a person as having requested or obtained specific video materials. The Settlement also requires JustWatch to provide Plaintiffs' counsel with annual declarations, under oath, attesting to compliance with these requirements. Importantly, Class Counsel secured this relief *without* releasing any Settlement Class Member's claim for damages or other monetary relief. *See* Dwoskin Decl. at ¶ 35 . This is meaningful, lasting relief from which Settlement Class Members will continue to benefit. *See, e.g.*, *Bezdek v. Vibram USA Inc*., 79 F. Supp. 3d 324, 346 (D. Mass.), *aff'd*, 809 F.3d 78 (1st Cir. 2015) ("Injunctive relief has been recognized as a meaningful component of a settlement agreement, particularly where it mimics the injunctive relief that the plaintiffs could achieve following trial."); *Gordan v. Mass. Mutual Life Ins. Co*., No. 13-cv-30184-MAP, 2016 WL 11272044, at *1 (D. Mass. Nov. 3, 2016) (finding the affirmative relief achieved in addition to the monetary benefits "make the true value of the settlement far higher.").

In short, the business practice changes secured through Settlement were achieved through the work and skill of Class Counsel and will benefit all Settlement Class Members without the need to take any affirmative action like submitting a claim form, while avoiding the risk and uncertainty of further litigation and a possible trial. And Settlement Class Members did not release

their damages claims against JustWatch in exchange for this relief. Accordingly, consideration of this factor weighs in favor of Class Counsel's fee request. *Gordan*, 2016 WL 11272044, at *2.

**2. The Skill and Experience of Counsel Support the Requested Fee.**

The prosecution and management of a complex class action requires unique legal skills and abilities, as do claims applying the VPPA to operation of the Meta tracking technologies at issue in this case. As demonstrated by Class Counsel's declaration and firm resume, Class Counsel are experienced and skilled practitioners in the consumer protection class action field and have a successful track record in such cases. *See* Dwoskin Decl. at ¶ 37 and ECF 87-3. Class Counsel's willingness and ability to undertake complex and difficult cases such as this and their commitment to this litigation added valuable experience to this litigation. *See Bezdek*, 79 F. Supp. 3d at 350 (finding skill of lawyers "greatly experienced in representing plaintiffs" in class action lawsuits weighed in favor of fee award).

The quality of the work performed by Class Counsel in attaining the Settlement should also be evaluated in light of the quality of the opposition. *See In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 995 (D. Minn. 2005) ("Defendants' attorneys . . . consistently put plaintiffs' counsel through the paces. All counsel consistently demonstrated considerable skill and cooperation to bring this matter to an amicable conclusion."). Here, JustWatch has been represented by highly experienced lawyers throughout the litigation from Perkins Coie LLP, a well-respected law firm with 21 offices on three continents and more than 1,000 attorneys and legal professionals. See https://www.law.com/compass/firm/LF00000921/Perkins-Coie/overview; https://perkinscoie.com/about-us. Notwithstanding this formidable opposition, Class Counsel developed a strong case, defeated JustWatch's dispositive motion, and negotiated settlement terms

that are highly favorable to Settlement Class Members. *See Schwartz v. TXU Corp*., No. 3:02-CV-2243-K, 2005 WL 3148350, at *30 (N.D. Tex. Nov. 8, 2005) ("The ability of plaintiffs' counsel to obtain such a favorable settlement for the Class in the face of such formidable legal opposition confirms the superior quality of their representation."). Accordingly, this factor further supports the requested attorneys' fees.

### 3. The Amount of Time Devoted to the Litigation by Class Counsel Supports the Requested Fee.

The extensive time and effort expended by Class Counsel in prosecuting the litigation and achieving the Settlement also establish that the requested fee is justified and reasonable. *See Hill v. State St. Corp*., No. CIV.A. 09-12146-GAO, 2015 WL 127728, at *19 (D. Mass. Jan. 8, 2015). This litigation—which involves complex data privacy claims asserted against an entity based in a foreign country—has been ongoing for over two years. To date, Class Counsel has devoted a total of 547.2 hours to this case, for a total lodestar of $519,840. *See* Dwoskin Decl. at ¶¶ 10, 38-68. Co-counsel at Arrowood devoted an additional 59.7 hours, for a total lodestar of $41,361.50. *See* McGonigle Decl. at ¶ 5. These amounts are reasonable for complex class actions of this type and were compiled from contemporaneous time records maintained by each individual attorney who performed work on the case. *See id*.

Class Counsel vigorously litigated this case by performing such tasks as: (i) conducting a thorough pre-suit investigation that resulted in the preparation of a detailed complaint and amended complaints; (ii) successful motion practice to secure service on a foreign defendant through alternative means; (iii) defeating JustWatch's motion to dismiss, (iv) drafting a further amended complaint; (v) drafting extensive discovery requests to JustWatch and having numerous meet and confers with opposing counsel re same; (vi) subpoenas to third-party technology providers; (vii) gathering Plaintiffs' documents and relevant information; (viii) drafting and filing a motion to

compel; (ix) settlement negotiations with opposing counsel over many months; (x) requesting and reviewing relevant FRE 408 discovery and information regarding the merits of the case, class certification, and Defendant's ability to fund a class action settlement under Rule 23(b)(3), and (xi) negotiating the Settlement and formalizing its terms in a set of comprehensive settlement documents. This total lodestar does not include all of the time spent related to this fee motion or the final approval papers. Nor does it include any consideration of the additional, future time related to attending the final approval hearing and bringing the settlement approval process to a successful conclusion. Moreover, Class Counsel fought hard for the Class at the negotiating table. The negotiations were conducted at arms' length over a period of many months. *See* Dwoskin Decl. at ¶¶ 15-29.

Class Counsel's hourly rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896, n.11 (1984). Here, the relevant community is the Boston legal market. Class Counsel's hourly rates in this Action are $950 for partners. *See* Dwoskin Decl. at ¶ 51. These hourly rates are comparable to rates charged by attorneys with similar experience, skill, and reputation, for similar services in complex litigation in the Boston legal market, and comparable rates have previously been approved as reasonable in this district. *See* Dwoskin Decl. at ¶¶ 55-59; *see Lionbridge Techs., LLC v. Valley Forge Ins. Co.*, No. CV 20-10014-PBS, 2021 WL 8999590, at *1 (D. Mass. May 18, 2021), *aff'd*, 53 F.4th 711 (1st Cir. 2022) (noting defense counsel charged hourly rates for partners of $1,475 and associates ranged from at least $700 to $900). The rates are also the same as those that have been accepted for Dwoskin Wasdin LLP partners in consumer class actions in other federal districts. *See* Dwoskin Decl. at ¶¶ 55-59. In sum, Class Counsel's work on this matter secured significant injunctive relief and remedial measures for the benefit of

the Settlement Class in spite of Defendant's inability to satisfy a class-wide damages judgment. Thus, Class Counsel's efforts demonstrate that they vigorously and zealously represented the Class.

**4. The Complexity and Duration of the Litigation Support the Requested Fee.**

The complexity and duration of the litigation also weigh in favor of the requested fee. The VPPA claims in this action involve complicated issues concerning JustWatch's business and practices related to its use of the Meta online tracking technologies and consumers' privacy rights. Thus, Class Counsel was required to develop an understanding of JustWatch's use of the Meta online tracking technologies technology, its video services and content, class size, class damages, and more. Throughout the litigation, Defendant has vigorously denied Plaintiffs' allegations of wrongdoing, including filing a motion to dismiss. Plaintiffs anticipate that JustWatch would continue to defend its position should the case be litigated further. Moreover, claims applying the VPPA to operation of the Meta online tracking technologies on a digital streaming guide, like JustWatch, are novel in that Class Counsel is unaware of a Meta online tracking technologies VPPA case involving a similar fact pattern, and defendant in a business similar to JustWatch's, that has gone to summary judgment or proceeded to trial. *In re Lupron Mktg. & Sales Practices Litig.*, 2005 WL 2006833, at *4 ("a complex case raising difficult and in some instances novel legal issues" as well as "thorny issues of fact" supporting fee award); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *20 (C.D. Cal. June 10, 2005) ("[c]ourts have recognized that the novelty, difficulty and complexity of the issues involved are significant factors in determining a fee award.")

Moreover, JustWatch responded to formal discovery and provided information to allow Class Counsel to assess the strengths and weaknesses of the VPPA claims, as well as JustWatch's defenses, and to make an informed assessment of the value of Plaintiffs' claims. For example, the

Parties exchanged significant information related to the size and nature of the Class, JustWatch's limited and wasting insurance coverage and its inability to withstand a classwide monetary judgment. Dwoskin Decl. at ¶¶ 25-27. Thus, notwithstanding the novelty and complexities of Plaintiffs' claims and JustWatch's limited financial condition, Class Counsel were able to skillfully and efficiently negotiate a successful resolution on behalf of the Settlement Class. *See id.* at ¶¶ 39-46. Accordingly, the magnitude and complexity of the issues presented and the duration of the litigation support the conclusion that the requested fee is fair and reasonable.

**5. The Risks of the Litigation Support the Requested Fee.**

A case undertaken on a contingent fee basis requires commitment of time and resources in the face of significant risks of loss and/or delay. As such, the risk of the litigation is a key factor in determining an appropriate fee award. *See Roberts*, 2016 WL 8677312, at *13 ("[M]ost importantly, Class Counsel took the case on a contingency fee basis, assuming significant risk in litigating the case."); *Hill*, 2015 WL 127728, at *18 ("consider[ing] . . . contingency risk in awarding attorneys' fees" when counsel "litigated the Action on a fully contingent basis and were exposed to the risk that they might obtain no compensation for their efforts on behalf of the class"); *In re Lupron*, 2005 WL 2006833, at *4 ("Many cases recognize that the risk assumed by an attorney is perhaps the foremost factor in determining an appropriate fee award.").

Here, in pursuing this litigation on a contingency basis, Class Counsel understood that it was undertaking an expensive and complex litigation with no guarantee of receiving compensation for the significant investment of time and money that the case would require. Dwoskin Decl. at ¶ 61. Moreover, the risks involved in this litigation were plentiful. Plaintiffs faced very significant risks to withstanding a challenge to the pleadings, to certifying and maintaining a class, to proving liability and damages on relatively untested VPPA claims at trial, and to collecting any resulting

judgment against an entity located in Germany. *See* Plaintiff's Memorandum in Support of Motion for Final Approval. In addition, Class Counsel faced substantial risks and uncertainties related to JustWatch's financial condition, which called into question its ability to satisfy an adverse monetary judgment and revealed that its ability to fund a class settlement would likely weaken over time as its limited insurance policy continued to erode from defense costs. *See* Dwoskin Decl. at ¶¶ 25-27. Absent the Settlement, Plaintiffs would have to conduct additional formal discovery, which would involve the uncertain process of obtaining relevant information from JustWatch and pursuing subpoenas against well-resourced third parties, like Meta, substantially increasing litigation costs. Thus, formal discovery, pretrial motion practice, and trial would involve potentially several additional years of litigation and could deprive the Class of any relief due to JustWatch's financial condition, all while the violations continued. Under these circumstances, the injunctive relief secured by the Settlement is a highly favorable outcome in the face of numerous uncertainties and the requested fee is fully appropriate.

**6. Awards in Similar Cases Support the Requested Fee.**

Courts routinely award attorneys' fees in Rule 23(b)(2) settlements. *See Commissioners of Pub. Works of City of Charleston v. Costco Wholesale Corp.*, No. 2:21-CV-42-RMG, 2024 WL 1004697, at *5 (D.S.C. Mar. 8, 2024) (awarding attorneys' fees and costs of $1.9 million in Rule 23(b)(2) settlement); *Witt v. CoreLogic SafeRent, LLC*, No. 3:15-CV-386, 2018 WL 1558553, at *4 (E.D. Va. Mar. 22, 2018) (awarding attorneys' fees of $803,700.00 in Rule 23(b)(2) settlement); *Berry v. Schulman*, 807 F.3d 600, 619 (4th Cir. 2015) (affirming district court's award of attorneys' fees in Rule 23(b)(2) settlement). Here, Class Counsel's fee request of $696,362.08 in attorneys' fees reflects a modest lodestar multiplier of 1.24. Positive multipliers are commonly awarded in class action settlements in this District, the First Circuit, and elsewhere. *See, e.g.*, *Bettencourt v.*

*Jeanne D'Arc Credit Union*, No. 17-CV-12548-NMG, 2020 WL 3316223, at *3 (D. Mass. June 17, 2020) (finding multiplier of 1.20 was "well within the range of multipliers typically allowed by this Court (1x to 2.7x)"); *Roberts*, 2016 WL 8677312, at *13 (court approved a multiplier of 1.96); *Bacchi v. Massachusetts Mut. Life Ins. Co.*, No. CV 12-11280-DJC, 2017 WL 5177610, at *5 (D. Mass. Nov. 8, 2017) (approving multiplier of 1.31); *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, No. 05-11148, 2009 WL 2408560, at *2 (D. Mass. Aug. 3, 2009) (approving lodestar multiplier of about 8.3); *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 82 (D. Mass. 2005) (noting that multipliers have ranged from 1.0 to 4.0 and concluding that a multiplier of 2.02 was appropriate); *Lane v. Facebook, Inc.*, Case No. 08-3845, ECF 127 (N.D. Cal. May 24, 2010) (approving 2x multiplier in VPPA settlement that only provided *cy pres* relief (i.e., no monetary relief to the class)); *Vela v. AMC Networks, Inc.*, Case No. 23-cv-2524-ALC (S.D.N.Y.), ECF 52 (2.19 multiplier in VPPA settlement); *Fiorentino et al. v. FloSports Inc.*, No. 1:22-cv-11502-AK at 17 (D. Mass. Mar. 5, 2024), ECF Nos. 69, 76 (approving lodestar multiplier of 1.48 in case alleging violations of VPPA); *In re Netflix Privacy Litig.*, No. 5:11-CV-00379 EJD, 2013 U.S. Dist. LEXIS 37286, at *31 (N.D. Cal. Mar. 18, 2013) (approving lodestar multiplier of 1.66 in case alleging violations of VPPA). *See also In re Lupron*, 2005 WL 2006833, at *4 ("A contingency fee arrangement often justifies an increase in the award of attorneys' fees. This rule helps assure that the contingency fee arrangement endures. If this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing."). The requested multiplier will ensure that Class Counsel is compensated for the additional time necessary to take this case through final approval, and for the risk Class Counsel incurred in litigating this case on a contingent fee basis.

**7. Public Policy Considerations Support the Requested Fee.**

"Class action plaintiffs' attorneys provide an invaluable service by aggregating the seemingly insignificant harms endured by a large multitude into a distinct sum where the collective injury can then become apparent." *In re Puerto Rican Cabotage Antitrust Litig*., 815 F. Supp. 2d 448, 463 (D.P.R. 2011). Here, given the risk and expense in pursuing class members' VPPA claims, "it would likely not be economical for an individual Class Member to pursue such litigation on their own." *Id*. Moreover, the VPPA claims seek to redress consumers' fundamental privacy rights. Thus, this class action serves important public policy of ensuring that consumers' privacy rights be protected even where individual damages are minimal. Thus, the requested fee here serves an important public policy of ensuring that consumer claims can be pursued by experienced and competent counsel.

**8. The Reaction of the Class Supports the Requested Fee.**

To date, no Settlement Class Member or state Attorney General has objected to any portion of the Settlement, including the fees to be sought by class counsel under the terms of the Settlement Agreement. Dwoskin Decl. at ¶ 31. Thus, to date, the reaction of the Settlement Class has been favorable. *See, e.g.*, *Bezdek*, 79 F. Supp. 3d at 351.

**B. The Requested Fee Is Appropriate Under the VPPA.**

As noted above, the VPPA expressly provides that this Court may award "reasonable attorneys' fees and other litigation costs reasonably incurred" in bringing a civil action such as this. 18 U.S.C. § 2710(c)(2)(C); *see also Saunders v. Hearst Television, Inc*., No. 23-CV-10998-RGS, 2024 WL 126186, at *4 (D. Mass. Jan. 11, 2024) (noting that VPPA permits the recovery of attorneys' fees and costs). Where a court analyzes a fee request under a statutory fee-shifting provision such as that contained in the VPPA, a court considers the reasonableness of counsel's

lodestar. *See e.g.*, *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550, 130 S. Ct. 1662, 1671, 176 L. Ed. 2d 494 (2010); *Sutton v. Jordan's Furniture, Inc*., 229 N.E.3d 1091, 1104 (Mass. 2024). Here, as detailed above, Class Counsel's lodestar and hourly rates are reasonable. *See supra*. Thus, Class Counsel's fee request is also appropriate pursuant to the statutory fee-shifting provision of the VPPA.

In sum, whether analyzed under a common benefits method or a lodestar method, Class Counsel's fee request is fair and reasonable.

## III. CLASS COUNSEL'S LITIGATION EXPENSES ARE JUSTIFIED AND SHOULD BE REIMBURSED.

The VPPA allows for, and courts typically permit, counsel to recover reasonable out-of-pocket expenses. 18 U.S.C. § 2710(c)(2)(C); *Hill*, 2015 WL 127728, at *20. Here, Class Counsel and co-counsel have incurred a total of $3,637.92 in out-of-pocket litigation expenses. *See* Dwoskin Decl. at ¶ 67. More particularly, over the course of this litigation, Class Counsel and co-counsel incurred the following costs, among others: (i) filing fees; (ii) service of process fees; (iii) expert witness fees; and (iv) travel expenses. *Id*. These expenses were reasonably incurred in the prosecution and settlement of this Action. *Id*. Accordingly, reimbursement of these out-of-pocket litigation expenses is appropriate. *See Bezdek*, 79 F. Supp. 3d at 351–52 (finding costs associated with mediation, legal research, filing fees, consultation with experts, photocopying, and travel to hearings, depositions, and meetings reasonable and awarding $61,674.44 in incurred litigation expenses); *Hill*, 2015 WL 127728, at *21 (finding costs for experts, creating and maintaining an electronic database for review of documents, conducting online legal and factual research, court fees, court reporters, out-of-town travel, and copying were "the types of expenses that are necessarily incurred in litigation of this type" and awarding $995,297.89 in litigation costs); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 370 F. Supp. 2d 320, 322 (D. Me. 2005)

(awarding $119,185.15 in costs "for such items as overtime, telephone, fax, postage, FedEx, photocopying, court fees, service of process, etc.").

## IV. THE REQUESTED SERVICE AWARD IS REASONABLE.

"A named plaintiff is a necessary component of any class action, and thus, a service award may be appropriate to induce an individual to take part in the suit." *Venegas v. Global Aircraft Service, Ins*., No. 2:14-cv-249-NT, 2017 WL 2730025, at *4 (D. Me. June 26, 2017). Service awards "serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, the public nature of a collective action filing, and any other burdens they sustain." *Lauture v. A.C. Moore Arts & Crafts, Inc.*, No. 17-cv-10219-JGD, 2017 WL 6460244, at *2 (D. Mass. June 8, 2017); *In re Lupron*, 228 F.R.D. at 98.

Plaintiff Fuhrhop has been engaged with this case from the outset and Plaintiff Morrell since before filing the Second Amended Complaint. They have been in regular contact with counsel and aided their investigation. *See* Dwoskin Decl. at ¶¶ 24, 29, 69-74; Fuhrhop Decl. ¶¶ 4-10; Morrell Decl. ¶¶ 4-10. Specifically, Plaintiffs helped counsel draft the complaint and the amended complaint by providing details of their experience and relevant facts and events; they reviewed and provided documents and information related to their JustWatch subscription and Facebook account; they have communicated throughout the litigation with Class Counsel; and they reviewed and approved the settlement agreement. *See id*. But for Plaintiffs' efforts, and their desire and willingness to stick with this case and get relief for others, the Settlement Class here would have received nothing. An incentive award of $5,000 to Plaintiffs is reasonable and fair and within the range of awards approved in other class actions in this district and in others. *See, e.g.*, *Carlson v. Target Enter., Inc*., 447 F. Supp. 3d 1, 5 (D. Mass. 2020) (approving an incentive award of $7,500

to named plaintiff); *Scovil v. FedEx Ground Package Sys., Inc.*, No. 1:10-CV-515-DBH, 2014 WL 1057079, at *6 (D. Me. Mar. 14, 2014) (citing a 2006 study of incentive awards during 1993-2002 found the median incentive payment to be $4,537, with the average being $15,992); *Gooiker v. Mindvalley, Inc.*, Case No. 5:24-cv-00593, ECF 89 (May 27, 2025) (requesting final approval of $5,000 service award for named Plaintiffs in VPPA Rule 23(b)(2) class action settlement), which was approved at ECF 101.

## V. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court grant this motion and (i) award Class Counsel attorneys' fees and costs of $700,000.00; and (ii) award a service award of $5,000 to each Plaintiff.

Dated: April 2, 2026

Respectfully submitted,

By: */s/ Eric S. Dwoskin*

Eric S. Dwoskin (*Pro Hac Vice*)
DWOSKIN WASDIN LLP
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Tel.: (561) 849-8060
edwoskin@dwowas.com

*Proposed Class Counsel*

- and -

Raymond P. Ausrotas (BBO# 640315)
rausrotas@arrowoodllp.com
William F. McGonigle (BBO #569490)
wmcgonigle@arrowoodllp.com
ARROWOOD LLP
10 Post Office Square, 7th Floor South
Boston, MA 02109
(617) 849-6200 (Tel)/(617) 849-6201 Fax)

*Counsel for Class Representative Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that, on April 2, 2026, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ William F. McGonigle*