Eric S. Dwoskin, *pro hac vice*
DWOSKIN WASDIN LLP
433 Plaza Real, Suite 275
Boca Raton, Florida 33432
Phone: 561.849.8060
edwoskin@dwowas.com

Raymond P. Ausrotas (BBO# 640315)
rausrotas@arrowoodllp.com
William F. McGonigle (BBO #569490)
wmcgonigle@arrowoodllp.com
ARROWOOD LLP
10 Post Office Square, 7th Floor South
Boston, MA 02109
(617) 849-6200 (Tel)/(617) 849-6201 Fax)

*Counsel for Plaintiffs and the Proposed Settlement Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

COREY FUHRHOP and ANGELA MORRELL, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

JUSTWATCH GMBH,

Defendant.

Civil Action No. 1:23-cv-12923-GAO

**ORDER GRANTING IN PART PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF ATTORNEYS' FEES, LITIGATION COSTS, AND SERVICE AWARDS**

WHEREAS, a class action is pending before the Court styled *Corey Fuhrhop and Angela Morrell v. JustWatch GmbH*, Case No. 1:23-cv-12923-GAO;

WHEREAS, Plaintiffs Corey Fuhrhop and Angela Morrell ("Plaintiffs") and Defendant JustWatch GmbH ("JustWatch") have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed

settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement") (ECF 87-2);

WHEREAS, on January 14, 2026, the Court entered an order granting preliminary approval of the Settlement Agreement (ECF 88) and entered another order conditionally certifying the Settlement Class for injunctive relief purposes, appointing Class Counsel, appointing Plaintiffs as Class Representatives, and setting a schedule for final approval (ECF 90) ("Preliminary Approval Order");

WHEREAS, Plaintiffs filed a Motion for Final Approval of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e) (ECF 91) ("Final Approval Motion");

WHEREAS, Plaintiffs filed a Motion for Final Approval of Attorneys' Fees, Litigation Costs, and Service Awards seeking fees and costs of $700,000, based on a lodestar of $561,201.50 and a requested multiplier of 1.24 (ECF 92) ("Attorneys' Fees Motion");

WHEREAS, the parties attended a hearing on the Final Approval Motion and Attorneys' Fees Motion on May 21, 2026; and

WHEREAS, the Court has reviewed and considered the Final Approval Motion and Attorneys' Fees Motion;

IT IS HEREBY ORDERED as follows:

1. Defined Terms. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. Final Approval. The Court grants the Final Approval Motion.

3. Attorneys' Fees and Expenses. In its discretion, the Court approves a fee request of the full lodestar amount of $564,839.42 (the "Fee Award") to be paid by JustWatch.

a. The Court does not find any basis for a multiplier above the lodestar amount. The Court finds $561,201.50 for attorneys' fees to be reasonable, for a number of reasons, including, in particular: (i) achieving important injunctive relief for the Settlement Class representing the full prospective relief sought by Plaintiffs in this case; (ii) the many risks of the case and the skill of JustWatch's counsel; (iii) the

duration, entirely contingent and risky nature of the litigation; and (iv) the perseverance, skill and dedication Settlement Class Counsel demonstrated throughout the litigation.

b. The Court also awards this amount for attorneys' fees because it was less than the amount agreed to by JustWatch in the Settlement Agreement, which is an independent basis for approval under Fed. R. Civ. P. 23(h) ("the Court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement").

c. The Court finds that the expenses of $3,637.92 were reasonably incurred in the prosecution of this case, are of the nature and amount customarily required for such litigation. JustWatch agreed to pay litigation expenses as part of the Fee Award. *See also* Fed. R. Civ. P. 23(h) (court may award nontaxable costs to Class Counsel as agreed to by Defendant).

4. Class Representative Service Awards. The Court awards the Class Representatives the requested sum of $5,000 each (the "Class Representative Award") to be paid by JustWatch per the terms of the Settlement Agreement.

a. Further finding that the Settlement Class Representatives fulfilled all of the duties of class representatives and ably and substantially assisted Settlement Class Counsel throughout this litigation and that the VPPA provides the Court may award $2,500 in statutory damages [18 U.S.C.A. § 2710(c)(2)(A)], the Court hereby grants the requested $5,000 Service Awards to each of them ($10,000 combined) to be paid by JustWatch. These amounts are consistent with Service Awards approved in other cases in this District and in others. These awards are particularly appropriate here where the Class Representatives are releasing their individual money damages claims as specified in the Settlement Agreement, but no other Settlement Class Member is.

5. Release. The Settlement Class Representatives (but not any other members of the Settlement Class) release their individual claims for injunctive relief and money damages, as also defined under the terms and as set forth in the releases in the Settlement Agreement.

6. Schedule for Distribution. The Court directs JustWatch to distribute the amounts approved above, in the manner provided for in the Settlement Agreement.

7. Retention of Jurisdiction. The Court will retain jurisdiction over the implementation and enforcement of the Settlement Agreement and all terms of this Order.

8. Entry of Judgment. This Order shall constitute a final judgment.

**IT IS SO ORDERED**.

DATED: 06/02/2026

/s/ George A. O'Toole, Jr.
George A. O'Toole, Jr.
United States District Judge